UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-17-2468-MWF (ASx)            Date: June 13, 2017
Title:     Manuel Marquez v. United Parcel Service Co., et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER RE PLAINTIFF'S MOTION TO REMAND [11]; DEFENDANT UNITED PARCEL SERVICE INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS [15]

      Before the Court are two motions. First, Plaintiff filed a Motion to Remand on April 24, 2017. ("Motion to Remand" or "Plaintiff's Motion," Docket No. 11). Defendant United Parcel Service Inc. ("UPS") filed an Opposition and Plaintiff filed a Reply. (Docket Nos. 14, 20). Second, Defendant UPS filed a Motion for Judgment on the Pleadings on May 15, 2017. ("Motion for Judgment on the Pleadings" or "UPS's Motion," Docket No. 15). Plaintiff filed an Opposition and UPS filed a Reply. (Docket Nos. 18, 21).

      For the reasons stated below, the Motion to Remand is **GRANTED**. Defendant Garcia was not "fraudulently joined" (used in the technical jurisdictional sense) because there is at least a possibility that Plaintiff can recover on the claims asserted against him. Even if Garcia's allegedly wrongful conduct constitutes "personnel management decisions" that are generally exempt from liability, Defendant UPS has failed to establish that such deficiencies cannot be cured by amending the Complaint. As a consequence, this Court lacks jurisdiction over the case and the Motion for Judgment on the Pleadings is **DENIED** *as moot*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-17-2468-MWF (ASx)                    Date: June 13, 2017
Title:      Manuel Marquez v. United Parcel Service Co., et al.

## I. BACKGROUND

Plaintiff Manuel Marquez filed suit against Defendants UPS and Diego Garcia, an individual, on February 23, 2017. (Complaint, Docket No. 1-1). His Complaint alleges claims of discrimination, harassment, retaliation, and other violations of California civil rights and employment law.

Plaintiff worked for UPS beginning in 2010 and was fired on August 26, 2016. (*Id.* ¶ 11). Plaintiff hurt his ankle in December 2015, triggering a series of events that ultimately led to his termination. (*Id.*). After Plaintiff took one week off work due to the effects of his injury, which had not occurred on the job, he returned to work. (*Id.* ¶ 12). He was then given a "write-up" for attendance issues related to the week he took off. (*Id.*). Plaintiff then took a medical leave of nearly four months between January 2016 and May 2016 due to "the stress and psychological injury that [he] experienced arising from his treatment at UPS." (*Id.* ¶ 13). When he returned to work in May 2016, UPS "tried to fire [him] for attendance issues." (*Id.* ¶ 14). Plaintiff filed a grievance and was allowed to keep his job.

After his return to work in May 2016, Plaintiff alleges he was subjected to "significant harassment and retaliation by a UPS supervisor named Diego Garcia." (*Id.* ¶ 15). The harassment included "derisive comments by Garcia about [Plaintiff's] work product, statement by Garcia that [Plaintiff] needed to hurry up when in fact [Plaintiff] was performing his job duties efficiently and productively, comments by Garcia to the effect of lets go when in fact [Plaintiff] was doing his job efficiently and productively . . . ." (*Id.* ¶ 15). In addition, Plaintiff alleges that Garcia would bring in food for other employees but not invite Plaintiff, that Garcia treated Plaintiff differently than other employees, and that Garcia once sent Plaintiff home early and then tried to write him up for leaving early without permission. (*Id.*). Later in the Complaint Plaintiff alleges that Garcia mocked Plaintiff's disability and suggested that Plaintiff was faking his disability. (*Id.* ¶ 38).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2468-MWF (ASx)                     Date:  June 13, 2017
Title:     Manuel Marquez v. United Parcel Service Co., et al.

Plaintiff also alleges that after he informed UPS about the hostile work environment, UPS did not sit down with Plaintiff to go over his claims.  (*Id.* ¶ 16). Plaintiff was ultimately fired in August 2016 for attendance issues.  (*Id.* ¶ 19).

The Complaint followed in February 2017.

## II.     **LEGAL STANDARD FOR REMAND**

As all parties recognize, the threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.,* 340 F.3d 858, 861 (9th Cir. 2003).  In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).  A well-established exception to the complete-diversity rule is "'where a non-diverse defendant has been 'fraudulently joined.'" *Id.* (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)).  The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state . . . ." *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  Defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)

Because all doubts weigh against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998)).  "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2468-MWF (ASx)				Date:  June 13, 2017
Title:	Manuel Marquez v. United Parcel Service Co., et al.

Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Even when a pleading contains insufficient allegations to state a claim for relief against a non-diverse defendant, a remand is proper "where defendant fail[s] to show that plaintiff would not be granted leave to amend his complaint to cure the asserted deficiency by amendment." *Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM JCX, 2014 WL 6475128, at *8 (C.D. Cal. Nov. 19, 2014) (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Martinez v. Michaels*, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015); *see Birkhead v. Parker*, No. C 12–2264 CW, 2012 WL 4902695 at *3 (N.D. Cal. Oct. 15, 2012) ("Even if these allegations do not rise to the level of outrageous conduct, Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege a[ ] viable claim [for intentional infliction of emotional distress] against [his former supervisor] under California law.").

## III.  DISCUSSION

Plaintiff moves for remand on the basis that he and Garcia are both California citizens, destroying the diversity jurisdiction alleged in UPS's Notice of Removal.  (Docket No. 1).  UPS claims that Garcia is fraudulently joined and his citizenship should be disregarded.  As the removing party, UPS bears the burden of establishing fraudulent joinder.  *See Plute*, 141 F. Supp. 2d at 1008.  Because the Court concludes that UPS failed to show that Plaintiff cannot possibly state a claim for harassment against Garcia, the Court concludes that remand is appropriate here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2468-MWF (ASx)                    Date:  June 13, 2017
Title:     Manuel Marquez v. United Parcel Service Co., et al.

### A. Harassment Claim Under FEHA

California law draws a sharp distinction between discrimination and harassment claims.  *See Janken v. GM Hughes Electronics,* 46 Cal. App. 4th 55, 62–63, 53 Cal. Rptr. 2d 741 (1996); *see also Reno v. Baird,* 18 Cal. 4th 640, 645-47, 76 Cal. Rptr. 2d 499 (1998) (summarizing *Janken* with approval and affirming *Janken's* delineation between harassment and discrimination).  While an employee's manager may be personally liable for harassment under FEHA, only the employer is responsible for the supervisor's personnel management decisions later considered to be discriminatory.  *Janken,* 46 Cal. App. 4th at 62–63.  As the Court of Appeal explained in *Janken,*

> The Legislature's differential treatment of harassment and discrimination [under FEHA] is based on the fundamental distinction between harassment as a type of conduct not necessary to a supervisor's job performance, and business or personnel management decisions—which might later be considered discriminatory—as inherently necessary to performance of a supervisor's job.

*Id.*  A claim for harassment cannot be based on supervisory actions, such as "hiring and firing, job or project assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, [etc.]"  *Id.* at 63.  Rather, "harassment consists of conduct outside of the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives."  *Id.*  Importantly, a harassment claim based on managerial functions fails "***even if improper motivation is alleged***."  *Id.* (emphasis added).  According to *Janken*, "If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination."  *Id.*

Most of the allegations against Garcia fall within the purview of Garcia's supervisorial role.  For instance, many of the allegations concern comments made by Garcia regarding the time Plaintiff took off work for his injury.  At best, these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2468-MWF (ASx)                    Date:  June 13, 2017
Title:    Manuel Marquez v. United Parcel Service Co., et al.

allegations show that Garcia implemented UPS's policies concerning leave in a discriminatory manner.  There is no denying, however, that Garcia at all times acted in his role as Plaintiff's manager.  The Court is unconvinced that all of Garcia's alleged remarks, such as those concerning Plaintiff's ability to do his job correctly or efficiently, constitute taunts or personal insults that fall outside the scope of Garcia's managerial functions.  Indeed, those comments are supervisorial in nature and relate directly to Plaintiff's job performance.

Bolstering this conclusion are numerous cases finding similar conduct to be insufficient to state a harassment claim under FEHA.  *See, e.g., Velente-Hook v. E. Plumas Health Care*, 368 F. Supp. 2d 1084, 1103 (E.D. Cal. 2005) (holding that the following conduct does not give rise to a harassment claim against employees, even though it may expose the employer to liability under disability laws:  (1) telling the plaintiff that she would be fired if she did not return to work due to her medical condition; (2) forcing the plaintiff to return to work under duress and thus causing her health to deteriorate; and (3) refusing to release the plaintiff's paycheck in front of her colleagues unless she agreed to discuss a "fitness-for-duty" test); *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) ("[The plaintiff's manager] questioned her appearance, criticized the display of merchandise, instructed her to perform work-related assignments, and disagreed with the way she stored repair parts.  [The manager] alleged conduct relates to business operations . . . .  Such conduct does not constitute harassment under the FEHA."); *but see Roby v. McKesson Corp.,* 47 Cal. 4th 686, 709, 101 Cal. Rptr. 3d 773 (2009) (demeaning comments about body odor and arm sores, refusal to respond to greetings, demeaning facial expressions and gestures, and disparate treatment in handing out small gifts cannot be "fairly be characterized as an official employment action" and may therefore constitute harassment).

On the other hand, Plaintiff's allegation that Garcia accused Plaintiff of faking his injury does not obviously fall within Garcia's supervisorial role.  Even UPS seems to concede as much in its briefing.  UPS attempts to downplay the significance of this allegation by labeling it as merely a "suggestion" made by Garcia.  (Motion for Judgment on the Pleadings at 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2468-MWF (ASx)                    Date:  June 13, 2017
Title:    Manuel Marquez v. United Parcel Service Co., et al.

But although Plaintiff's allegations are factually deficient, UPS provides no reason to believe that those deficiencies cannot be cured through amendment.  At the hearing, UPS points to its briefing in the Motion for Judgment on the Pleadings.  Having reviewed that brief, the Court remains unconvinced that amendment could not possibly cure whatever defects exist in Plaintiff's allegations against Garcia.

Indeed, nothing indicates that Plaintiff cannot allege actionable harassment conduct that does not constitute personnel management decisions.  And as long as there is a ***possibility*** that Plaintiff can state a viable claim for relief, the Court cannot conclude that Garcia's joinder is fraudulent.  As one district courted stated,

> Even if the Court presumes for purposes of discussion that the complaint does not allege sufficient facts to meet this requirement as to Warenda, Defendants have failed to demonstrate fraudulent joinder.  As explained above, Defendants must demonstrate that Plaintiffs ***could not possibly state a claim*** against Warenda in state court.  Even if the allegations in Plaintiffs' complaint are insufficient to withstand a demurrer in state court, an issue as to which the Court offers no opinion, Defendants have not sufficiently established that Plaintiffs could not amend their complaint and add additional allegations to correct any deficiencies.  In other words, the complaint's shortcomings, if any, are strictly factual; Plaintiffs clearly may pursue a cause of action for harassment against Warenda under section 12940(j)(3) of the California Government Code if they can allege sufficient facts.

*Stanbrough v. Georgia-Pac. Gypsum LLC*, No. CV 08-08303GAF(AJWX), 2009 WL 137036, at *2 (C.D. Cal. Jan. 20, 2009) (emphasis in the original); *Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *6 (C.D. Cal. Mar. 5, 2013) ("While Michaels' argument might prevail in the context of a motion to dismiss, it does not suffice to support removal on the basis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-2468-MWF (ASx)                Date:  June 13, 2017
Title:     Manuel Marquez v. United Parcel Service Co., et al.

of fraudulent joinder.  Even if the complaint does not allege sufficient facts to plead a viable harassment claim against Baghdadlian, Michaels has not shown that the Ontiveros could not amend to add additional allegations of harassment.").  As a result, the Court cannot disregard Garcia's citizenship for jurisdictional purposes, and remand is required here.

This case is factually similar to another case in which this Court remanded a case involving harassment claims against a supervisor.  *See Goodman v. Wal-Mart Store, Inc.*, 15-CV-6505 MWF (AGRx), (Nov. 18, 2015) (Docket No. 23) (granting motion to remand after concluding defendant-supervisor was not fraudulently joined because weak pleadings concerning harassment were capable of successful amendment).  UPS fails to distinguish *Goodman* in its Opposition.

At the hearing UPS stated that *Goodman* can be distinguished because here UPS has filed its Motion for Judgment on the Pleadings.  Having reviewed that Motion, however, the Court remains of the view that the claims alleged against Garcia are capable of amendment, such that remand is required here.

Following the hearing, the Court reviewed *Cofer v. Parker-Hannifin Corp.*, 194 F. Supp. 3d 1014 (C.D. Cal. 2016).  In *Cofer*, the motion to remand was considered after two successful motions to dismiss, and therefore the district court was quite confident that the plaintiff could not successfully allege a claim against the defendant who destroyed complete diversity.  *Id.* at 1017.  This action is otherwise.

### B.    Plaintiff's Request for Attorneys' Fees

In the event of remand, Plaintiff's Motion requests attorneys' fees be awarded.  The Court may award just costs and attorneys' fees incurred as a result of removal under 28 U.S.C. § 1447(c).  *See Martinez*, 2015 WL 4337059 at *10.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-17-2468-MWF (ASx)          **Date:** June 13, 2017
Title:     Manuel Marquez v. United Parcel Service Co., et al.

The Court declines to award attorneys' fees. Although ultimately unpersuasive, UPS's arguments are not "objectively unreasonable."

## IV. CONCLUSION

For the foregoing reasons, the Motion to Remand is **GRANTED**. Because the Court lacks jurisdiction over the case, the Motion for Judgment on the Pleadings is **DENIED** *as moot*.

Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.